**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GLADYS DANIELS | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. RWT-06-473 |
| STATE OF MARYLAND and PRINCE GEORGE'S COUNTY | : : | |
| Defendants | : | |

. . . . . .o0o. . . . . .

**MEMORANDUM OPINION**

Pending is a pro se complaint filed by Gladys Daniels, a federal prisoner at FCI Danbury, Connecticut, in which she claims Defendants, the State of Maryland and Prince George's County, have violated her rights to due process and a speedy trial, and she requests that this court order the dismissal of all charges, indictments, and warrants pending against her. Plaintiff has also filed a motion to proceed in forma pauperis which will be granted in a separate Order.

This court is obliged to screen civil complaints in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. This court is also required to identify cognizable claims and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In evaluating the sufficiency of a pro se complaint, the Court is mindful to interpret it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 54-56 (1957).

To the extent Plaintiff seeks an Order from this Court requiring the State of Maryland to dismiss pending state charges against her, this complaint is more properly construed as a motion for writ of mandamus. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. Federal district courts, however, have no mandamus jurisdiction over state employees. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).[1]

Insofar as Plaintiff brings this action under 42 U.S.C. §1983 to redress alleged violations of her constitutional rights, she does not claim that a detainer is pending against her or otherwise allege how she has been prejudiced in her present incarceration.[2] Moreover, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Pennhurst State School and Hospital v. Halderman, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. For these reasons, the claim against the State of Maryland must be dismissed.

Plaintiff's cause of action against Prince George's County, Maryland is also subject to

---

[1] Although Plaintiff has named the State of Maryland and Prince George's County as party defendants, her complaint states that Prince George's County Executive Jack B. Johnson has refused to extradite her or provide a final disposition of her cases. It appears that Ms. Daniels's intention is to compel the State's Attorney for Prince George's County to dismiss charges against her. A prosecutor's decisions whether to pursue a prosecution are protected by the doctrine of absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Springmen v. Williams, 122 F. 3d 211, 212 (4th Cir. 1997).

[2] If Plaintiff's intent is to dismiss a detainer against her, the proper legal vehicle for obtaining relief is by way of writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 485-486 (1994).

dismissal.  A county is considered a "person" that can be sued directly under §1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Plaintiff, however, must allege a harm was caused by a constitutional violation and that the municipality was responsible for that violation.  See id. at 694.  Plaintiff does not raise this allegation, and she has failed to set forth a colorable § 1983 claim against defendant Prince George's County.  For these reasons, the complaint will be dismissed without prejudice.  A separate Order follows.


Date: 4/26/06                                             /s/
                                            ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE